**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **VERNON LAMONT TURNER,** ) | **CASE NO. 4:16 CV 857** |
| ) | |
| Petitioner, ) | **JUDGE CHRISTOPHER A. BOYKO** |
| ) | |
| v. ) | |
| ) | **OPINION AND ORDER** |
| **THOMAS L. ALTIERE,** ) | |
| ) | |
| ) | |
| Respondent. ) | |

**CHRISTOPHER A. BOYKO, J.:**

*Pro se* Petitioner Vernon Lamont Turner filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. Turner is currently out on bond awaiting trial in the Trumbull County Court of Common Pleas on charges of Driving Under Suspension or in Violation of a License Restriction and Failure to Pay a License Registration Fee. In his habeas Petition, Turner claims his arrest and prosecution violate his Fourth Amendment right to be free from unreasonable seizures, his right to travel on public highways and his right to the pursuit of happiness. He does not indicate the relief he seeks. For the reasons set forth below, the Petition is denied and this action is dismissed.

## I. BACKGROUND

Petitioner is currently awaiting trial in state court on charges of failing to pay a license

registration fee and driving on a suspended or restricted license. His Petition is composed entirely of legal rhetoric and contains no factual allegations. He alleges only that he was traveling, he was unlawfully detained by the Bazetta Police Department and charged with two crimes. He states that he rejects and refuses the charges because they violate the Fourth Amendment, interfere with his right to travel and restrict his ability to pursue happiness.

## II. LAW AND ANALYSIS

The Sixth Circuit has explained that while "a pretrial detainee may petition for habeas relief, [ ] such claims are extraordinary." *Christian v. Wellington*, 739 F.3d 294, 297 (6th Cir. 2014). This is because "if the issues raised in the Petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the Petitioner," a federal court should abstain from exercising its habeas jurisdiction under § 2241 until after the Petitioner exhausts his available state court remedies by giving state courts the first opportunity to adjudicate his challenges to the propriety of the prosecution. *Atkins v. Michigan*, 644 F.2d 543, 546 n. 1 (6th Cir. 1981); *Gully v. Kunzman*, 592 F.2d 283, 286 (6th Cir. 1979) (acknowledging federal courts' authority to consider a habeas corpus petition before a judgment of conviction is entered, but noting that "considerations of federalism counsel strongly against exercising the power except in the most extraordinary circumstances"). As a result, Petitions for pretrial habeas relief are typically denied. *In re Justices of Superior Court Dept. of Mass. Trial Ct.*, 218 F.3d 11, 17-18 (1st Cir. 2000).

There are two generally-recognized exceptions to this rule. First, a federal habeas court may consider a claim that a state prosecution violates the Double Jeopardy Clause, notwithstanding the abstention principles. *See Mannes v. Gillespie*, 967 F.2d 1310, 1312 (9th

Cir. 1992). Second, a federal court may consider a claim that a Petitioner's right to a speedy trial is being violated, but only if the Petitioner has exhausted his state court remedies and requests an order compelling the state to grant him a speedy trial, rather than seeks dismissal of the state charges against him. *Smith v. Hall*, No. 3:12–CV–1022, 2013 WL 587479, at * 2 n. 2 (M.D. Tenn. Feb. 13, 2013); *Humphrey v. Plummer*, 840 F.Supp.2d 1040, 1043 (S.D. Ohio 2011).

Petitioner raises three grounds which directly challenge the charges brought against him. These grounds would be dispositive of the underlying criminal charges if found to have merit. Therefore, principles of comity dictate that this Federal Court decline review of the Petition until Petitioner has exhausted the claims at his upcoming criminal trial or on appeal to the Ohio Appellate Courts. *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489 (1973); *Gully v. Kunzman*, 592 F.2d 283, 286 (6th Cir. 1979) (acknowledging federal courts' authority to consider a habeas Petition before a judgment of conviction is entered, but noting that "considerations of federalism counsel strongly against exercising the power except in the most extraordinary circumstances"); *Caldwell v. O'Malley*, No. 1:08 CV 0495, 2008 WL 696608, at *2 (N.D. Ohio Mar. 13, 2008)(discussing need for federal court to abstain from considering a pretrial detainee's habeas Petition attacking the merits of the charges against him).

### III. CONCLUSION

Accordingly, Petitioner's Application to Proceed *In Forma Pauperis* is granted, his Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is denied and this action is dismissed without prejudice. Further, this Court CERTIFIES pursuant to 28 U.S.C. §1915(a)(3) an appeal from this decision could not be taken in good faith and there is no basis upon which to

issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

      IT IS SO ORDERED.

                                                  s/ Christopher A. Boyko
                                                  CHRISTOPHER A. BOYKO
                                                  UNITED STATES DISTRICT JUDGE

DATED: May 4, 2016